GROVER     *R. A. Lockwood* and *D. Mace*, for the plaintiff.
v.         *J. Pettit*, for the defendant.
SIMS.

---

GROVER *v.* SIMS.

If in a suit against *A.* and *B.*, the writ be returned served on *A.* and not found as to *B.*, and an *alias* writ in the cause, issued against *B.* and directed to the sheriff of another county, be held void, the plaintiff may suggest on the record the return of "not found" as to *B.* on the first writ, and proceed against *A.* alone.

If instructions to the jury be refused, and the record do not show that they were applicable to the case, the refusal will be presumed to be correct.

*A.* was indebted to *B.*, having funds of the latter in his hands, and *B.* was indebted to *C.* The parties met and agreed that *A.* should pay *C.* the debt the former owed *B.*, as soon as its amount could be ascertained, &c., and *C.*, with *B.'s* and *A.'s* assent, took *A.* as his debtor. *Held*, that *C.* could sue *A.* for money had and received, and that *B.'s* debt to *C.* was extinguished.

Tuesday,   APPEAL from the *Bartholomew* Circuit Court.
May 25.
           SULLIVAN, J.—*Sims* brought an action of assumpsit against *B. W. Grover* and *John Sheets* in the *Bartholomew* Circuit Court. The *capias* was returned executed on *Grover* and not found as to *Sheets*. An *alias capias* was issued against *Sheets* directed to the sheriff of *Jefferson* county, and was by him executed and returned. *Sheets* appeared and pleaded in abatement, that at the time of the commencement of the suit against himself and *Grover*, they were both residents of the county of *Jefferson*, and had continued to reside there ever since; that the only writ which had been served upon him in said cause, had been served in the county of *Jefferson*; and that neither of said defendants then was, or ever had been, a resident of the county of *Bartholomew*. The plaintiff demurred to the plea, but the Court overruled the demurrer, and the writ as to *Sheets* was abated. The return of "not found" as to *Sheets*, on the first writ, was then suggested on the record, and the suit proceeded against *Grover*.

The declaration contains three counts. The first count is

for money had and received. The second recites, that one *Richard Treadway* was indebted to the plaintiff in the sum of 1,500 dollars, for which he had made his promissory note; that afterwards, to wit, &c., *Treadway* sold to the said *Grover* and *John Sheets* a certain quantity of pork, &c. of the value of more than 5,000 dollars; that *Grover* and *Sheets*, in consideration that the plaintiff would forbear to sue *Treadway*, did, with the assent of *Treadway*, promise the plaintiff to pay him the amount so due to him from *Treadway*, so soon as they should sell said pork, &c.; that plaintiff did forbear to sue *Treadway*; and that *Grover* and *Sheets* did afterwards, to wit, &c., sell and dispose of said pork, &c. for the sum of 6,000 dollars; by means whereof they became liable, &c. The third count is upon an account stated.

The defendant, *Grover*, appeared and pleaded, 1. Non assumpsit; 2. Payment. Verdict for the plaintiff; motion for a new trial overruled; and judgment on the verdict.

It is contended by the plaintiff in error, that the statute which directs the mode of proceeding in a suit against joint defendants, where one or more of them are not found, did not authorize the Court in the present case, to proceed to judgment against him after the writ against *Sheets* was abated. After the service of the writ on *Grover*, it was not necessary for *Sims* to issue an *alias capias* to the sheriff of *Jefferson* county against *Sheets*. He might have suggested on the record the return of " not found" as to *Sheets*, and proceeded at once to judgment against *Grover*. But issuing a writ against *Sheets*, which was determined by the Circuit Court to be irregular and void, did not, in our opinion, prevent him from afterwards pursuing the statutory remedy. The *alias capias* against *Sheets* was decided to be a nullity, after which the case stood upon the docket as to *Grover*, as if it had not been issued.

During the progress of the trial, the counsel for the defendant moved the Court to give the following instructions to the jury, viz., 1. If the proof be, that the defendant promised to pay to the plaintiff the amount of his note against *Treadway* on the 25th of *December*, 1837, it will not sustain the second count in the plaintiff's declaration; 2. That unless the second count is proved as laid, the plaintiff cannot recover

under it; 3. That if it is proved that *Sheets* and *Grover* were indebted to *Treadway*, and *Treadway* to the plaintiff, and by agreement, *Sheets* and *Grover* were to pay the plaintiff the debt which *Treadway* owed him, the plaintiff cannot recover, unless he did, at the time of the agreement, release *Treadway* from said debt.

The Court refused the instructions as asked, but instructed substantially as follows: That if it appear from the testimony that *Treadway* was indebted to the plaintiff, and that *Sheets* and *Grover* had funds in their hands belonging to *Treadway*, and it was agreed between all of them that *Sheets* and *Grover* should pay to the plaintiff, on *Treadway's* note, whatever amount they owed him, so soon as that amount could be ascertained by an examination of the accounts between them, the plaintiff might recover on the count for money had and received, and in such case, it is not material for the plaintiff to prove that he delivered up to *Treadway* his note to be cancelled, or otherwise released him. The Court further instructed, that to sustain the second count in the declaration, both the consideration and promise must be proved substantially as laid; that it must not only appear that *Sheets* and *Grover* promised to pay to the plaintiff the amount of *Treadway's* note, but that the promise was made in consideration that he would forbear to sue *Treadway*.

The record does not contain the evidence in the cause, nor any part of it. How far the instructions asked were applicable to the case we do not know. The instructions refused were, as we are bound to presume, inapplicable and therefore correctly refused.

We gather from the instructions given that the case, before the jury was this:—*Sheets* and *Grover* were indebted to *Treadway*, having funds or cash of his in their hands; *Treadway* was indebted to *Sims;* the parties met and mutually agreed that *Sheets* and *Grover* should pay to *Sims* the amount they owed *Treadway*, so soon as the precise amount of their indebtedness to *Treadway* could be ascertained by reference to their accounts. On this state of facts the questions are, whether, by the agreement, the debt from *Treadway* to *Sims* was extinguished? and whether *Sheets* and *Grover* became debtors to *Sims*, so that an action for money had and re-

ceived may be maintained by him against them? The case of *Wilson et al.* v. *Coupland et al.*, 5 Barn. & Ald. 228, is very much in point. In that case, the plaintiffs were credi- tors and the defendants were debtors to *Taillasson* and *Co.*, and by consent of all parties, an arrangement was made that the defendants should pay to the plaintiffs the debt due to them from *Taillasson* and *Co.* The Court held, that as the demand of *Taillasson* and *Co.* on defendants was for money had and received, the plaintiffs were entitled to recover, on a count for money had and received, against the defendants. The assent of the defendants to the arrangement made them debtors to the plaintiffs, and liable to an action for money had and received to the use of the plaintiffs. There can be no doubt but that *Treadway* could have recovered from *Sheets* and *Grover* the amount they owed him, in an action for money had and received, because, if they were indebted at all, it was for money of his in their hands. The case above-cited is therefore, in every material point, similar to the one under consideration.

In *Crowfoot et al.*, Assignees of *Streather*, a Bankrupt, v. *Gurney*, 9 Bing. 372, the facts were, that *Streather* being indebted to *Solly* and *Sons*, and *Gurney* being indebted to *Streather*, *Streather* requested *Gurney* to pay *whatever might be due* from *Gurney*, to *Solly* and *Sons*. *Gurney* promised *Solly* and *Sons* to do so as soon as the amount was ascertained. After the amount had been ascertained, and before it was paid, *Streather* became bankrupt. On those facts, the Court decided that notwithstanding the bankruptcy of *Streather*, *Solly* and *Sons* might recover from *Gurney* the amount he had promised to pay them. The circumstances, it was said by the Court, amounted to an equitable assignment of the debt due from *Gurney* to *Streather*, and bound the assignees of the latter.

It was contended in the case last-cited, that the assignment was not available, because there was not a defined and ascertained debt due the assignor at the time of the assignment, and the case of *Fairlie* v. *Denton*, 8 B. & C. 395, was relied on in support of the position. But the Court remarked that all that should be required was, that the debt assigned should not be larger than the sum due to the party assigning. If

the balance were ascertained while *Streather* was master of his own acts, it was the same thing as if it had been ascertained at the time of the order. We concur with the opinion above expressed. The objection in the present case, that the amount due from *Sheets* and *Grover* to *Treadway* was not defined at the time of the assignment, and that therefore the plaintiff cannot recover, is not available.

The only remaining question in the case is, whether the arrangement between the parties operated as an extinguishment of the debt from *Treadway* to *Sims?* We think it did. The plaintiff, with the assent of *Treadway* and of *Sheets* and *Grover*, took the latter as his debtors. In the case of *Wharton* v. *Walker*, 4 B. & C. 163, all the judges concur in saying that the effect of the arrangement in the case of *Wilson et al.* v. *Coupland et al.*, *supra*, was to extinguish the debt which *Taillasson* and *Co.* owed the plaintiffs.

We think the instructions of the Court were in all things correct, and that the judgment should be affirmed.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*J. G. Marshall* and *P. Sweetser*, for the appellant.
*M. G. Bright* and *H. Brown*, for the appellee.

